# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3554 | **DATE** | September 14, 2011 |
| **CASE TITLE** | *Najjar v. Daleh* | | |

**DOCKET ENTRY TEXT:**

The defendants' motion in limine [143], which contains multiple requests for relief, is granted in part and denied in part as specified below. The parties are reminded that federal law, as opposed to state law, governs the resolution of procedural issues.

■ [ For further details see text below.]

### STATEMENT

The defendants' motion in limine [143] is before the court. The plaintiff did not file a response, despite being afforded an opportunity to do so. For the following reasons, the motion is granted in part and denied in part.

*General Motions*

The motion largely asks the court to apply basic evidentiary rules during trial. For example, the defendants ask the court to exclude hearsay evidence unless an exception applies. Thus, the court grants the defendants' request to: (1) exclude witnesses other than parties during trial, (2) bar evidence of the circumstances under which the attorneys for the defendants were employed or retained, or the fees or contract under which the attorneys were retained; (3) bar the introduction of or reference to any documents or witnesses not previously disclosed in discovery; and (4) bar hearsay testimony.

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

# STATEMENT

*Character*

The defendants also ask the court to bar evidence about the individual defendants' character or propensity to be dishonest, such as evidence about other alleged fraudulent activities or other lawsuits against the defendants based on alleged fraud. Rule 608(b) of the Federal Rules of Evidence provides that:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Because the court does not know what specific evidence is at issue or the purpose for which it will be used, this motion is denied without prejudice. The parties are directed to request a side-bar if they wish to present this type of evidence.

*Individual Defendants' Financial Situation*

Next, the defendants seek to bar evidence about their financial worth, lifestyle, wealth, and spending habits. This motion is denied without prejudice as again, the court does not know what specific evidence is at issue or the purpose for which it will be used. The parties are directed to request a side-bar if they wish to present this type of evidence.

*Business Records*

Citing to state court authority, even though federal procedural rules apply in this diversity case proceeding in federal court, the defendants next ask the court to bar "[a]ny document admissible under the business record exception to the hearsay rule . . . unless first authenticated by appropriate foundation." The motion is denied as unnecessary. The court will apply the rules of evidence and require proper foundation to establish that a document is a business record that falls within the ambit of the business record exception to the hearsay rule.

*Settlement Discussions*

Federal Rule of Evidence 408 makes "conduct or statements made in compromise negotiations" regarding a claim inadmissible "when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount." Rule 408 is inapplicable, however, when "compromise evidence is offered for a purpose other than to prove the validity, invalidity, or amount of a disputed claim." Fed. R. Evid. 408 advisory committee's note.

(continued)

This case was filed in June of 2009. In August of 2009, defendant Sam Daleh signed what the parties call a "conditional guarantee." Specifically, he added the following handwritten language to a guaranty:

> *Note*
> This is <u>not</u> final agreement. We (Sam, Gus + Pierre + attorney's [sic] will work out changes by 08/11/09. I (Sam Daleh) signing as guarantor for the money owed to Pierre Najjar.

At the summary judgment stage, the parties agreed that despite the conditional language added by Sam Daleh, he made some payments on behalf of Mortgage Direct to plaintiff Pierre Najjar. The court rejected Mr. Najjar's argument that even if the guaranty was not final at the time Sam Daleh signed it due to the addition of the words "[t]his is <u>not</u> final agreement," the subsequent payments constitute partial performance that ratified the guaranty and made it final and binding. The defendants now want to exclude the conditional guaranty, contending that it is inadmissible evidence of settlement negotiations.

When considering whether to exclude evidence relating to settlement discussions, the court must consider: "whether the [document] was written in an effort to settle the parties' dispute; (2) whether the plaintiff wanted to use the letter to establish the defendant's liability; and (3) whether the letter concerned liability that the defendant had otherwise admitted." *Trading Technologies Intern., Inc. v. BCG Partners, Inc.*, No. 10 C 715, *et al.*, 2011 WL 3946581, at *2 (N.D. Ill. Sept. 2, 2011). The court does not know the full circumstances surrounding the preparation of the conditional guaranty. Accordingly, this issue is taken under advisement. The parties shall be prepared to discuss this matter during the pretrial conference.