Case: 1:09-cv-03554 Document #: 149 Filed: 11/29/11 Page 1 of 3 PageID #:1508

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3554 | **DATE** | November 29, 2011 |
| **CASE TITLE** | *Najjar v. Daleh* | | |

**DOCKET ENTRY TEXT:**

The defendants' motion in limine no. 9 is denied.

■ [ For further details see text below.]

# STATEMENT

    On December 17, 2007, Pierre Najjar loaned $675,000 to Gus Dahleh, an officer of Mortgage Direct Company, for use in Mortgage Direct's business. In connection with that loan, Gus Dahleh signed a promissory note for $750,000 payable to Mr. Najjar and gave Mr. Najjar a check in the amount of $750,000 dated January 17, 2008, the date the promissory note was due. After January 17, 2008, Mr. Najjar presented the check to the bank and discovered that Gus Dahleh's account was closed.

    Sam Dahleh (Gus' brother) subsequently signed a personal guaranty dated August 10, 2009, relating to the loan to Mortgage Direct. In the guaranty, Sam Daleh acknowledged that his "brother, Gus Daleh, and the company Mortgage Direct Company, owe Najjar $750,000 based on a December 17, 2007, Promissory Note that has matured." Sam Daleh also promised to unconditionally guarantee payment of that debt, plus interest and attorneys' fees, in one year. At the end of the document, Sam Daleh signed on two lines, one labeled "Sam Daleh, Individually" and the other labeled "Sam Daleh, as CEO and President of Mortgage Direct Company." Underneath the signature block, Sam Daleh wrote in:

    *Note*
This is <u>not</u> final agreement. We (Sam, Gus + Pierre + attorney's [sic] will work out changes by 08/11/09. I (Sam Daleh) signing as guarantor for the money owed to Pierre Najjar.

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

**STATEMENT**

Sam Daleh then printed and signed his name under the handwritten addition and added the date of August 8, 2009. The parties agree that Sam Daleh made some payments by and through Mortgage Direct to Mr. Najjar.

In the defendants' motion in limine no. 9 (the court previously ruled on motions 1-8), the defendants seek to exclude the personal guaranty that was conditionally signed by Gus Daleh pursuant to Fed. R. Evid. 408. That rule is entitled "Compromise and Offers to Compromise" and distinguishes between the prohibited and permissible use of evidence relating to settlement negotiations as follows:

(a) Prohibited uses—Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or mount, or to impeach through a prior inconsistent statement or contradiction:

(1) furnishing or offering or promising to furnish—or accepting or offering or promising to accept—a valuable consideration in compromising or attempting to compromise the claim; and

(2) conduct or statements made in compromise negotiations regarding the claim,

except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

(b) Permitted uses—This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a).

Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408.

The court's inquiry begins and ends with the purpose for which Mr. Najjar seeks to admit the conditional guaranty. Mr. Najjar states that he is not seeking to admit the conditional guaranty to prove that Sam Daleh or Mortgage Direct owe him money on the underlying promissory note. Instead, he is arguing that Gus Daleh's conditional guaranty is a separate, binding contract whereby Gus Daleh agreed to pay Mr. Najjar money. In ruling on Mr. Najjar's motion for summary judgment, the court reserved this issue for trial, noting:

> The parties agree that despite the conditional language added by Sam Daleh, he made some payments on behalf of Mortgage Direct to Mr. Najjar. Mr. Najjar appears to be arguing that even if the guaranty was not final at the time Sam Daleh signed it due to the addition of the words "[t]his is **not** final agreement," the subsequent payments constitute partial performance that ratified the guaranty and made it final and binding.

(continued)

**STATEMENT**

The court finds that the guaranty itself is ambiguous. It says both that it is a final binding obligation and that it is not final and binding. To determine the parties' intentions, the court may consider parol evidence, including other documents and evidence of the parties' subsequent conduct. *See Pearson Bros. Co., Inc. v. Pearson*, 113 B.R. 469, 796 (C.D. Ill. 1990). Accordingly, neither side is entitled to summary judgment as to Count III.

Dkt. 129.

Evidence of the partial payments and the actual conditional guaranty itself are admissible to the extent that Mr. Najjar introduces them in an effort to convince the fact finder that the conditional guaranty was a binding contract. They are inadmissible to show that the parties attempted to settle a dispute regarding the underlying promissory note. Because the defendants' motion in limine only challenges the second impermissible use and Mr. Najjar is seeking to introduce the disputed evidence for a different purpose, the defendants' ninth motion in limine is unavailing. It is, therefore, denied.